## Herman Glay v. The People, etc.

1. CONTEMPT—*Civil and Criminal, Distinguished.*—Contempt proceedings are of two kinds : civil, or remedial, when instituted for the purpose of affording relief between parties to a cause in chancery; and criminal in their nature, when having for their object the punishment of an offense against the authority and dignity of the court.

2. SAME—*Violation of Injunctions.*—When a contempt for the violation of an injunction is criminal in its nature, it is unimportant whether injury to the complainant is shown by the violation of the injunction or not.

Contempt, for the violation of an injunction.   Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900.   Affirmed. Opinion filed May 10, 1901.

KOHOUT & NOVAK, attorneys for appellant.

PADDOCK, WRIGHT & BILLINGS, attorneys for appellee.

.MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an appeal from a finding and judgment of the Superior Court adjudging appellant guilty of contempt in violating an injunction.   The same objections are made to the injunction and the jurisdiction of the court, that were urged in the cases of Glay, O'Donnell, Duppler and Konow v. The People, decided at this term of court, and they are disposed of in the opinion in those cases.

The first objection to be now considered is that the finding of the trial court is against the evidence.   The injunction restrained appellant, among other things, from unlawfully interfering with complainant's business and with persons in its employment; from hindering, obstructing or preventing, or attempting to hinder, obstruct or prevent by menace, threats, intimidation, violence, or other unlawful means, any person who may desire to enter the employ of complainant from accepting or entering upon such employment, from assembling in the vicinity of complainant's place of business with the purpose or effect of unlawfully obstructing complainant's business, and from interfering by threats, intimidation or violence with any person or persons employed by complainant, when going to, or coming from such a place of business, etc.

Complainant filed a petition alleging violations of the injunction order by appellant on various occasions.   It is urged as to the first of the specific occasions mentioned, that even upon the showing of complainant's evidence, there was no violation of the injunction.   With this view we are unable to concur.   When all the surroundings and circumstances are considered, there can be no reasonable doubt that the language and conduct imputed to appellant

were calculated and intended to intimidate and menace the workmen to whom the threats and menace were addressed. Appellant denies the words and conduct attributed to him, but only as to the specific days mentioned in the complainant's affidavits. He presents affidavits of certain of his relatives to the effect that he was not well and was at home on one of those days. The evidence to this effect was not regarded as convincing by the trial court. But whether true or not, it relates to one only of the alleged violations of the injunction order. It may be that complainant's witnesses are mistaken as to the exact time of that one of the alleged violations, and yet entirely correct as to the material facts. The petition charges that appellant, with others, has been constantly interfering with complainant's business and with persons in its employ, in violation of the injunction order, and alleges that on certain days specific violations occurred. There is, we think, ample evidence supporting the finding of the court that appellant, with others, was on several occasions, if not continuously, engaged in doing what he had been forbidden to do by the injunction, and that he was guilty of contempt substantially as charged.

It is urged that appellant should not be committed until some injury is shown to have been sustained by complainant in the suit wherein the injunction issued and that has not been done. Contempt proceedings are of two kinds : civil, or remedial, when instituted for the purpose of affording relief between the parties to a cause in chancery, and criminal in their nature, when having for their object the punishment of an offense against the authority and dignity of the court. People v. Diedrich, 141 Ill. 665 (p. 669). If criminal in its nature in this case, it would be unimportant whether injury to the complainants was shown by the violation of the injunction or not. People v. Diedrich, *supra* (on p. 671). There is, however, evidence tending to show such injury. It is averred in the petition upon which the contempt proceeding is based, and there is evidence tending to show, that workmen who wanted to work for complainant were afraid to do so, lest they be injured by

strikers, of whom appellant was one. It is clear from all the evidence that the conduct of appellant had for its purpose and object the injury of complainant's business, and was calculated to effect such purpose. It sufficiently appears, we think, that it was so injurious.

We regard the recitals of the order of commitment as sufficient, in connection with the allegations of the petition. It recites the jurisdictional facts and finds the material allegations of the petition proven.

We discover no error in the finding and judgment of the court and the order of commitment will be affirmed.