## E. R. Robinson v. The People of the State of Illinois.

### Gen. No. 12,852.

1. CONTEMPT PROCEEDING—*in what name appeal may be perfected in.* An appeal taken from an order committing for contempt for failure to comply with a civil order may be perfected in the name of the original cause in which the order disobeyed was entered, or in the name of the person committed against the people.

2. CONTEMPT PROCEEDING—*practice to be followed to compel obedience to civil orders.* If a rule has been entered to show cause why an assignment should not be made, the next order of proceeding is to enter an order requiring the making of such assignment, and it is error to commit without affording an opportunity of compliance.

Contempt proceeding. Appeal from the Circuit Court of Cook county; the Hon. JULIAN W. MACK, Judge, presiding. Heard in this court at the October term, 1905. Reversed and remanded. Opinion filed November 15, 1906.

J. GRAY LUCAS and JAMES S. NELSON, for appellant.

No appearance for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal from an order of the Circuit Court committing appellant to the common jail of Cook County, there to remain until he execute an assignment of certain letters patent to the receiver appointed for his estate in the case of White v. appellant Robinson, or until the lapse of six months. The commit-

ment is for a contempt of court in failing to comply with an order to assign.

The only appearance here on the part of The People is a motion to dismiss the appeal as not being entitled in the cause in which the order appealed from was entered, and Barclay v. The People, 69 Ill. App. 517, is cited as conclusive of the question thus raised. The decision on this motion was reserved to the hearing.

There are two reasons why the motion should not be allowed:

First, the motion fails to find support in the record. The appeal is prosecuted under both titles, that of the original cause, White v. Robinson, and that in the contempt proceeding, which is, as it necessarily must be, prosecuted in the name of the People.

Second, Barclay v. The People is not an authority in point, for in contempt cases of the nature of the one now under consideration an appeal or writ of error may be prosecuted either under the title of the cause out of which the contempt order originated, and to which it is ancillary, or in that of the contempt case. This has been the uniform practice too long to be now disturbed. There is a long line of cases in both this and the Supreme Court where contempt proceedings are reviewed in the name of The People arising from violation of injunctional and other orders in chancery cases. Among other conspicuous cases are Glay v. The People, 94 Ill. App. 602; Christensen v. The People, and cases there consolidated, 114 Ill. App. 40, and the further review of the same cases reported under the title of O'Brien v. The People, 216 Ill. 354; Lester v. The People, 150 Ill. 408. The motion to dismiss is therefore denied.

On February 13, 1904, appellant was enjoined by the Circuit Court, in the case of White v. Robinson— a creditor's bill in which it was sought to subject the property of the appellant to the payment of an unsatisfied judgment in the sum of $7,568.74—from assigning or disposing of certain letters patent for cast-

ing compound or other car wheels numbered 594,286,
"until this honorable court sitting in chancery shall
make order to the contrary." The injunction order
was duly served by the sheriff on appellant the day it
was issued. May 13, 1905, the Royal Trust Company
was appointed receiver of the estate and property of
appellant in the creditor's bill proceeding. June 27,
1905, the Royal Trust Company as such receiver filed
its petition praying for an order on appellant to as-
sign to it as such receiver in due form said letters
patent numbered 594,286. On the same day the court
entered the following order:

"It appearing to the court that personal notice of
this motion has been given defendant pursuant to rules
of court on motion of the receiver, it is ordered that
the defendant, E. R. Robinson, show cause on or be-
fore ten o'clock A. M. Saturday, July 1, 1905, why he
should not assign, transfer and deliver to the receiver,
Royal Trust Company, by an instrument in writing in
manner and form provided by the United States patent
laws certain letters patent of the United States of
America for casting composite or other car wheels, No.
594,286, issued to defendant November 23, 1897, and
on November 30, 1897, corrected to read 'casting com-
posite or other wheels,' and all rights and causes of
action thereunder."

Appellant failing to show cause why he should not
make the assignment, and failing to put in any answer
to the rule, the court on August 19, 1905,—appellant be-
ing in court by his solicitors—entered an order for an
attachment against him, notice of which application
the order recites had been personally served on appel-
lant; the order for attachment then continues, "it fur-
ther appearing to the court that the said defendant, E.
R. Robinson, has failed and refused to comply with the
order of this court entered herein on the 27th day of
June, 1905, why he should not assign, transfer and
deliver to the said receiver by an instrument in writing
certain letters patent, * * * it is ordered that he,

E. R. Robinson, be and appear before this court on the 11th day of September, 1905, at ten o'clock A. M., then and there to show cause in writing, if any he has or can show, why he should not be attached for contempt of this court for failure to comply with the said order of this court entered June 27, 1905.''

Appellant failing to respond to this order of attachment by showing any cause why he should not be attached for contempt for failure to comply with the order of June 27, 1905, to show cause why he should not be ordered to make an assignment of the letters patent to the receiver, thereupon on September 15, 1905, an order of commitment was entered, in which the court finds ''that the defendant, E. R. Robinson, wilfully fails and refuses to obey the order of this court to assign, transfer and deliver to the Royal Trust Company as receiver said certain letters patent in manner and form as aforesaid; it is therefore ordered that the said defendant, E. R. Robinson, forthwith assign, transfer and deliver to the Royal Trust Company as receiver herein'' said letters patent, and he failing so to do *instanter,* the sheriff was ordered to take him into custody and keep him in the common jail of Cook county charged with such contempt for a period of six months, or until he execute the assignment directed in the order of commitment to be made. These constitute all of the orders eventuating in the attempt commitment order.

It clearly appears from this record that to the time of entering the order of commitment appellant was derelict only in not complying with the order of June 27, 1905, which was to show cause, if any he had or could show, why he should not be ordered to make an assignment of the letters patent to the receiver. Assuming that no just reason or lawful excuse existed why he should not make the assignment, he naturally failed to respond to the rule. The next orderly step in such cases, on failure to answer or show cause against the entry of the order contemplated by the rule, is to

Robinson v. The People.

order the assignment to be made. This was not done. The only order to make the assignment of the letters patent appears in the commitment order. This was neither in accord with the practice, nor was it fair to appellant to attach him for contempt in not answering the rule to show cause and then in the order of commitment adjudge him guilty of contempt for not making an assignment which he had not been previously ordered to make. Such a proceeding is repugnant to that spirit of a sense of justice embodied in our system of jurisprudence. It is the usual custom to give a party at least a few days' time in which to comply with an order of court, where a failure to do so subjects him to the drastic process depriving him of his liberty. He should at least have been given an opportunity to comply with an order directing an assignment before attachment, for however willing he might have been to comply, it might at the moment of commitment, when in court under arrest under the attachment, have been impossible for him to do so for lack of the necessary papers being in his actual personal possession at that time and place. The order to assign *instanter* in the commitment order is the opportunity given every party held in contempt to escape punishment by doing the act previously ordered to be done on pain of punishment. A proceeding for contempt is in the nature of a criminal proceeding, and as its effect is to deprive of liberty, every step provided by law for the attainment of that result must be substantially if not strictly pursued. Stuart v. The People, 3 Scam. 395.

An order to do the thing, the subject of coercive process, must first be made and precede the initiatory step in proceedings for contempt. This is of the essence of the power to commit. A party may waive a rule to show cause by voluntary appearance and submission to the jurisdiction of the court, but not so as to the order to do the thing required.

Tolman v. Jones, 114 Ill. 147, is an authority to the

effect that the necessity of a rule to show cause is dispensed with by appearance and submission to the jurisdiction of the court, but not that an order to make and deliver an assignment was unnecessary, or that in its absence one could be dealt with for contempt. In Tolman v. Jones, *supra,* the order to make the assignment was before the court on review of the contempt proceedings resulting to Tolman from a disobedience of that order.

In Lester v. The People, 150 Ill. 408, the subject-matter of the contempt was failure to produce certain account books. Lester was directed by an order of the court, entered in the cause pending before the court, to produce the books, and on failure to comply therewith adjudged to be in contempt and fined for his contumacy. This is the uniform mode of procedure, and nothing in this record justifies a departure from it.

When Robinson failed to answer the rule to show cause why he should not be ordered to make an assignment within the time limited for so doing, he was in default of that rule, not in contempt. His failure to answer the rule to show cause was tantamount to a confession that he had no just cause to urge why the order to assign should not be entered. In this condition of the record, the next step should have been the entry of an order commanding the assignment to be made. The injunction was to refrain from assigning until the court sitting in chancery should make order to the contrary. This restraining order by its very terms made an order of assignment necessary. It is first found in the commital order. It was irregular to attach appellant for non-compliance with the rule to show cause why he should not make an assignment, and in the order of commital adjudge him guilty of contempt in not complying with a non-existent order to make an assignment.

For the foregoing reasons the order of the Circuit

Murphy v. The People.

Court adjudging appellant guilty of contempt and , ordering his imprisonment is reversed, and the cause is remanded with directions to vacate and set aside that order.

*Reversed and remanded.*