## Christopher Harrigan, Plaintiff in Error, v. William E. Stone et al., Defendants in Error.

### Gen. No. 7,384.

1. ESTATES OF DECEDENTS—*imprisonment of administrator for contempt for withholding assets.* An administrator of an estate was properly committed to jail for contempt of court in failing to turn over securities belonging to the estate and concealed by him in making his final account and procuring his discharge, or to account for their proceeds, where he did not attempt to account for the securities or to state the amount of the proceeds or offer to turn them over to the receiver appointed by the court and he did not contend that he was or is financially unable to comply with the decree.

2. ESTATES OF DECEDENTS—*burden of proving financial ability of administrator to turn over assets on commitment for contempt.* The burden of proving that he is financially unable to comply with the decree is upon a defendant committed for contempt in failing to turn over to a receiver appointed for that purpose securities belonging to an estate of which he was administrator and which he concealed, or to account for the proceeds thereof.

3. ESTATES OF DECEDENTS—*omission in order as defense to commitment of administrator for contempt in withholding assets.* The fact that the value of securities belonging to an estate of which defendant was administrator and which were concealed by him was not fixed in a decree ordering him to turn them or their proceeds over to a receiver is not a defense to contempt proceedings for failure to comply with the order.

4. ESTATES OF DECEDENTS—*sufficiency of affidavit as compliance with order to administrator to account for withheld assets.* An order to an administrator to account to a receiver for securities belonging to the estate and concealed by him is not complied with by the filing of an affidavit which amounts to a suggestion to relitigate the subject matter of the prior proceedings, he having had his day in court in those proceedings.

5. ESTATES OF DECEDENTS—*sufficiency of finding of contempt of administrator in withholding assets.* A finding that defendant was guilty of acts constituting contempt of court was shown by an order of commitment reciting that defendant comes "and files pro se, and not by his attorney, an affidavit in answer to a rule to show cause, and the court having examined the said decree heretofore filed herein, and the affidavit in form of answer to rule finds that said affidavit is insufficient to discharge said rule. Thereupon said Christopher Harrigan, being present in open court, is

hereby adjudged by the court to be in contempt of said court," followed by an order of commitment.

6. ESTATES OF DECEDENTS—*sufficiency of order of commitment of administrator for contempt in withholding assets.* An order of commitment for contempt was not void for indefiniteness where it was in the usual form and committed defendant to jail until he complied with the decree or was discharged by due process of law.

7. ESTATES OF DECEDENTS—*commitment of administrator for contempt for withholding assets as imprisonment for debt.* Commitment for contempt of an administrator for failure to turn over to a receiver securities concealed by him or the proceeds thereof in accordance with a decree of the court does not constitute imprisonment for debt.

Error by plaintiff to the Circuit Court of Peoria county; the Hon. CHARLES V. MILES, Judge, presiding. Heard in this court at the October term, 1924. Affirmed. Opinion filed May 22, 1925.

QUINN & QUINN, for plaintiff in error; F. J. QUINN, C. V. O'HERN and E. T. O'CONNOR, of counsel.

LEON SUTHERLAND, BRUCE E. DWINELL and JOSEPH F. BARTLEY, for defendants in error.

MR. JUSTICE JETT delivered the opinion of the court.

Christopher Harrigan, the plaintiff in error, was committed to the county jail of Peoria county, by an order of the circuit court of said county, for a failure to comply with a decree entered in that court, on the 3rd day of July, 1922, in a certain cause in which Christopher Harrigan, in his individual capacity, and also as administrator of the estate of Kate Harrigan, deceased, was complainant, and one William E. Stone was defendant, and in which proceeding William Harrigan and others filed a cross-bill, and from which order plaintiff in error prosecutes this writ.

It appears that Kate Harrigan departed this life, intestate, in Tazewell county, Illinois, on or about the 9th day of January, 1916; that Christopher Harrigan, plaintiff in error, was on or about the 16th day of January, 1916, appointed administrator of the estate of the said Kate Harrigan, deceased, and he qualified

and entered upon the performance of his duties as such administrator; that at the time of her death and for a number of years prior thereto the said Kate Harrigan had rented of the First Trust and Savings Bank of Peoria, Illinois, a safety deposit box in which she kept her valuable papers and securities; that at the time of her death there was contained in said safety deposit box the following described securities and evidences of indebtedness, to wit:

| No. | Articles. | Value. |
|---|---|---|
| 1 | Note of Edgar D. and Fannie E. Mars, November 23, 1914; four coupon interest notes thereto attached, each $270.00, and trust deed of E. D. and F. E. Mars to George Cunningham to secure same. | $ 4,500.00 |
| 2 | Note Edgar D. and Fannie E. Mars dated November 27, 1915, with four coupon interest notes attached, each for $60.00, and trust deed of E. D. and F. E. Mars to George Cunningham to secure same | $ 1,000.00 |
| 3 | Note dated August 9, 1913, on B. F. Heinz and Bertha M. Heinz, 6% mortgage deed to Kate Harrigan securing same. Interest endorsed, paid to August 9, 1914. | $ 1,600.00 |
| 4 | Note dated April 10, 1877, for $400.00 signed Jacob Mohr, endorsed on principal $200.00 in 1884, interest endorsed to October 19, 1914. | $ 200.00 |
| 5 | Note dated April 10, 1890, on Washington Callaway; interest endorsed to April 19, 1915, with mortgage to Kate Harrigan to secure same | $ 100.00 |
| 6 | Note of Anna Hill and Oscar C. Hill, dated June 21, 1915, with three interest coupon notes attached and trust deed to G. W. Cunningham, Trustee, to secure the same | $ 800.00 |
| 7 | Three notes, each for $200.00, dated March 9, 1914, and four notes for | |

$100.00 each, dated the same, on Clara E. Talbot, and O. L. Talbot, and trust deed to G. W. Cunningham to secure the same ..........................$ 1,000.00

8   Two notes, each for $500.00, dated November 5, 1912, on Mary J. Moore, interest endorsed paid to November 5, 1915, also trust deed to G. W. Cunningham to secure same...................$ 1,000.00

9   Two notes, each for $1,000.00, dated February 1, 1913, on George W. Towns, with one coupon interest note attached to each principal note, each for $50.00, and trust deed to G. W. Cunningham to secure same ........................$ 2,000.00

10  One note, dated April 3, 1914, on John Sassman and Fanny Sassman for $2,400.00 and four coupon interest notes thereto attached, each for $144.00, and trust deed to G. W. Cunningham to secure same ........................$ 2,400.00

11  Two City Improvement Bonds of City of Peoria, each $500.00, North and South Adams, Nos. 32 and 14.........$ 1,000.00

12  One bond for No. 27 Elizabeth Street, City of Peoria Improvement Bond....$   500.00

13  Three bonds for Nos. 6, 7 and 8 Peoria Avenue, City of Peoria Improvement Bond .............................$   600.00

14  One bond for No. 5, Meyer Avenue, City of Peoria Improvement Bond.........$   200.00

15  One bond No. 1, City of Pekin Fourth District Sewer ......................$   500.00

16  One bond No. 18, City of Peoria Improvement Bond ...................$   500.00

                                        $17,900.00

As such administrator Christopher Harrigan took from the safety deposit box of Kate Harrigan, in the First Trust and Savings Bank of Peoria, the said notes and securities aggregating $17,900. These securities he converted to his own use and concealed the

existence of the same from the heirs at law of the said Kate Harrigan, deceased. He represented to the heirs of Kate Harrigan, deceased, that the estate of the deceased amounted to only $11,000, consisting of other property than the contents of the safety deposit box, and by fraud, concealment and misrepresentation procured the heirs of Kate Harrigan, deceased, to execute releases to him as administrator for their respective shares in the estate and procured his discharge as administrator in the county court of Tazewell county, Illinois.

The decree which the plaintiff in error refuses to comply with provides among other things: "It is further ordered, adjudged and decreed by the court that Christopher Harrigan pay and turn over to the Receiver of this court, hereinafter appointed, after the said Receiver has been duly qualified, all of the notes and mortgages received and taken by him, as hereinbefore set forth, from the safety deposit box of the said Kate Harrigan in the said First Trust and Savings bank, being all the contents of the said safety deposit box save and except the said City of Peoria improvement bonds in the sum of $2,800.00 and the said City of Pekin sewer bonds in the sum of $500.00 together with all interest received by him thereon, and that the said Christopher Harrigan account for and turn over to the said Receiver the proceeds thereof, with interest thereon from the time the same were so collected or disposed of by him, with interest thereon, or the fair and reasonable value of said securities at the time the same were so sold, collected or disposed of, with interest thereon, whichever may be to the best interest or advantage of the parties interested in said securities."

After the receiver had been appointed and he had qualified he made a demand upon Christopher Harrigan to turn over to him the notes and securities, in accordance with the order of the court. Harrigan failed to do so and the receiver filed a petition ask-

ing that Harrigan be adjudged guilty of contempt of court for a failure to comply with the decree and that he be punished accordingly.

Harrigan was notified of the filing of this petition and of the time of hearing thereon and appeared in person. A rule was then entered upon the plaintiff in error, Harrigan, to show cause by a day fixed by the court why he should not be adjudged guilty of contempt. He appeared on that day without having filed any answer and the court gave him until the following day at 10 a. m. in which to answer. Harrigan then filed an affidavit in the form of an answer wherein he attempts to relitigate the question decided by the court in its decree, and contended contrary to the finding of the decree that the estate of Kate Harrigan consisted of $11,000 of securities only which he had inventoried, and that he had filed his final report as administrator in the county court of Tazewell county and that that court had entered an order approving the report and, "that order had never been vacated, attacked or set aside." He then denies contrary to the findings of the decree that any of the notes and mortgages taken by him from the safety deposit box were owned by Kate Harrigan at the time of her death. In his affidavit he says that all those securities were paid off and that none of them are outstanding and that he does not have the proceeds thereof. He asks the court to accept his statements as his answer to the rule. Harrigan did not in his affidavit attempt to account for the securities or the proceeds thereof or to state the amount of the proceeds, or offer to turn them over to the receiver. He did not contend that he was or is financially unable to comply with the terms of the decree.

The court found that the affidavit was insufficient to discharge the rule and adjudged Harrigan guilty of contempt of court and ordered him committed to the county jail, there to remain until he complied with the said decree filed July 3, 1922, or his discharge by due

process of law. He remained in jail under the order of the court until released on bond when a writ of error in this case was made a supersedeas.

It is first insisted that there is nothing in the decree fixing a time when Harrigan collected or disposed of the securities; nothing to indicate the value of the securities, the rate of interest the same were bearing so as to determine the amount of the proceeds, and nothing to indicate how much Harrigan realized from the sale of the securities. The decree finds the face value of said notes and securities that were taken and secreted by Harrigan. The decree requires Harrigan to turn the notes and securities over to the receiver, and if he does not have them that he account for them and their proceeds to the receiver; he had failed and refuses up to this time to account.

It is insisted that the injunction issued by the court prevented Harrigan from raising any money to comply with the decree. There is nothing in the record to indicate his inability financially to comply with the decree. The burden is upon the person charged with contempt to prove his inability to comply with the order or decree, by definite and explicit evidence. *Shaffner v. Shaffner,* 212 Ill. 492; *People v. Zimmer,* 238 Ill. 607.

In *Shaffner v. Shaffner, supra,* the court in discussing this question and the liability of a person to be adjudged guilty of contempt says: ''Where he seeks to satisfy the court that his failure to pay is due entirely to his inability to pay *the burden is upon him to establish that fact.* * * * Estimates and guesswork will not answer. He who seeks to establish the fact that his failure to pay is the result of lack of funds must show with reasonable certainty the amount of money he has received.''

In *People v. Zimmer, supra,* at page 614, the court said:

''As a further reason why he should not be punished for contempt the receiver stated that he had no

money or property with which he could meet the required payment, and it is argued that the court may not properly punish a receiver for contempt in failing to pay money with which he is properly chargeable, if he does not, in fact, have the means with which to make the payment. In the first place, the receiver's inability *is not satisfactorily shown by his answer*. The document contains no detailed statement of his affairs, *as it should do*. His offer to submit to an examination is not less than an impertinence. If he desired to interpose a defense of insolvency the answer should have been accompanied by such a showing as would prima facie have rendered an examination unnecessary. Had that showing been so made, the court would then, if it saw fit, have permitted counsel for Dalton to interrogate Zimmer with reference to the statements of the answer.''

Harrigan relies upon certain authorities to support his contention that the burden is upon the petitioner to show his ability to comply with the order, but the rule is as is stated in the two cases last cited.

Harrigan does not give his alleged inability to pay as the reason for his noncompliance with the decree. He does not say in his affidavit that the property tied up by the injunction was all the property he had. He does not assign his failure to comply with the decree to the granting of the injunction.

Plaintiff in error contends that there was no failure to account. The decree directed Harrigan to turn over the securities, or, if he had disposed of them, to account for and turn over to the receiver the proceeds thereof, with interest. It is true that the value of these securities had not been fixed. It is quite evident that a value cannot be fixed until Harrigan accounts to the receiver. When the receiver receives that information from the accounting and is informed as to the amount received on each security as the proceeds thereof, it may then become material to estimate the value of the securities. The fact that the value of the securities has not been fixed does not, in our opinion,

present a defense to the contempt proceedings. That part of the decree requiring Harrigan to account and turn over the proceeds of the securities with interest thereon is specific and definite. Harrigan is the only one who can tell when and what disposition he made of any of these securities and what he received for them.

He is bound to turn over to the receiver at least the amount of the proceeds he received. He may also later be compelled to turn over an additional amount, that is the difference between the proceeds and the actual value of the securities if it should later appear that the value was greater than the proceeds.

The effect of the affidavit filed by Harrigan is a suggestion on his part to relitigate the subject matter of the prior proceedings. It is neither an accounting nor an offer to turn over the proceeds.

It will be remembered that the decree ordered the plaintiff in error to account to the receiver, not to the master, nor to the court, and he can only comply with the terms of the decree by doing the definite thing he was ordered to do.

*Berkson v. People,* 51 Ill. App. 102, is a case in which the respondent was ordered to turn over to the receiver all of his estate not exempt from execution and to appear before the master and submit to an examination touching his business and property. He refused to do so and was committed for contempt. In affirming the order the court at pages 109 and 111 said: "That there should be certainty in an order of commitment in a chancery cause, wherein the commitment is until the contemnor shall do some required act, may be conceded, but it does not necessarily follow that because there are several required acts to be performed, some of which are too general in terms to be susceptible of complete performance, that those acts which are specific, and, in the nature of things, capable of performance, should not be done. In the order complained of, the finding that the plaintiff in

error had in his possession at least the sum of $7,500, which it was his duty to have turned over to the receiver in pursuance of the original order, was definite and certain. Had the plaintiff in error turned that sum over to the receiver, as was found to have been his duty, and applied to the court for a modification of the order in those other respects in which it is claimed it was too general, there can be no doubt but the court would have so modified the order as to have made it comply with the requirements of justice. * * * The fact that the original order may have been too general in its requirements relating to the delivery by Berkson to the receiver of his books of account, bills, notes, contracts, vouchers, documents, and any other evidences in writing, or documentary matter relating thereto, and to his business is no justification of a disobedience in the particular that was certain and definite.''

The case of *Berkson v. People, supra,* was affirmed by the Supreme Court, 154 Ill. 81. *Tolman v. Jones,* 114 Ill. 147, was an appeal from an order of commitment for refusal to obey a previous order in the same cause directing an assignment to a receiver of certain property in controversy. At pages 154 and 155, the court said: ''If it be the true construction of the order that it required the assignment of other property than the property of the corporation, or property alleged as belonging to it, then the order, in that respect, would be too broad and wrong. But it does not follow that appellant would be justified in disobeying the order for that reason. * * * The order * * * at the most, was not wholly void, but only in the particular wherein it is complained of as being too broad. Appellant's proper remedy would have been an application to the court to modify the order in that respect. There was no such application, and there was no such objection made to the order.''

Harrigan cannot at this time attack the decree. He has had his day in court.

Plaintiff in error also contends that there was no finding of the court that he had done anything to constitute contempt. The order of commitment is as follows: "Now on this day comes the said cross-defendant, Christopher Harrigan, and files pro se, and not by his attorney, an affidavit in answer to a rule to show cause, and the court having examined the said decree heretofore filed herein, and the affidavit in form of answer to rule, finds that said affidavit is insufficient to discharge said rule. Thereupon said Christopher Harrigan, being present in open court, is hereby adjudged by the court to be in contempt of said court, and is ordered committed forthwith to the county jail of Peoria County, Illinois, there to remain until he complies with the final decree filed July 3, 1922, or until discharged by due process of law. Thereupon it is ordered by the court that the sheriff take charge of said cross-defendant, Christopher Harrigan, forthwith, and said Christopher Harrigan is thereupon committed to the county jail."

The court had before it the decree and the affidavit of plaintiff in error, that serves as an answer to the rule to show cause. In the light of the record, there was nothing left for the court to do but to adjudge plaintiff in error guilty of contempt. It is further insisted by plaintiff in error that the order of commitment is indefinite and, for that reason, is void. The order is in the usual form in such cases; the order commits plaintiff in error to jail until he complies with the decree or is discharged by due process of law. This form of order has been approved in a number of cases, viz.: In *People v. Zimmer*, 238 Ill. 607; *Denison Cotton Mill Co. v. Schermerhorn*, 257 Ill. 128; *Berkson v. People*, 154 Ill. 81, and *Boyden v. Boyden*, 162 Ill. App. 77. It is also argued by plaintiff in error that the effect of this order is to imprison him for failure to pay a debt. This is not a money decree. *People v. Zimmer, supra; Berkson v. People, supra,*

and *Autenrith v. Wilder,* 155 Ill. App. 545, are all cases in which commitment for contempt was sustained, and all are cases where the order was to turn over a certain fund or the proceeds thereof. We have examined all of the questions raised by the plaintiff in error and we fail to find any reason why the order of the court, entered in this proceeding, should be set aside and vacated.

If the decrees of the courts are to rest so lightly upon the shoulders of those against whom they are rendered and if they can be defeated by such excuses as are offered by plaintiff in error then property rights and property interest would soon become insecure. Harrigan understood the effect of the decree; he absolutely refused to comply therewith. We are, therefore, of the opinion that the order of the circuit court of Peoria county, committing Christopher Harrigan, plaintiff in error, to the county jail of said county, until he complies with the decree or until discharged by due process of law, should be affirmed.

*Order is therefore affirmed.*