## John Wempen v. Simon Girard.

1. JUDGMENTS—*When Not to Be Disturbed.*—Where the record fails to convince the court that the verdict is against the weight of the evidence, the judgment will not be disturbed upon that ground.

Assumpsit, for goods sold, etc. Trial in the City Court of Alton; the Hon. SILAS COOK, Judge, presiding. Verdict and judgment for defendant; appeal by plaintiff. Heard in this court at the February term, 1899. Affirmed. Opinion filed September 5, 1899.

J. H. & L. D. YAGER, attorneys for appellant.

No appearance for appellee.

MR. JUSTICE BIGELOW delivered the opinion of the court.

This case is said to have been brought before a justice of the peace for the balance of $60.45 of an account of appellant against appellee, said to have been contracted mainly for liquors purchased on credit, by the drink, at appellant's saloon in the city of Alton; but where it was begun or how it got into the City Court of Alton, or what it was brought on, we are unable to discover from the record.

We might reverse the judgment, if there is one (none appears in the record), for the reason that appellee has filed no brief, as required by Rule 31 of this court; but we infer from what we discover, on reading the record, that there may be a good reason why no brief has been filed; hence, since the verdict was in favor of the defendant, and the bill of exceptions recites that judgment was entered on the verdict, we will assume that there is, or ought to be, a judgment against appellant for costs, and so consider the case on its merits.

Counsel for appellant have assigned a number of errors on the record, but at the close of their printed argument, say :

"To our mind the only legal question involved in this cause is as to the weight of the evidence, and, upon a question so familiar to court and bar, it would seem almost dis-

respectful to the court to cite authorities. For this reason we deem it proper to present no separate brief."

On looking into the record the wisdom of the suggestion becomes manifest, except it does not go quite far enough.

The evidence seems to have been taken in a condensed narrative form, and is a model of brevity, the testimony of five witnesses being contained in about four pages of the record; hence the record seems preferable to the abstract of it.

While it is said by appellant's counsel that the suit was brought to recover a balance of an account, and plaintiff testified that he kept books of account, from which the account sued on was copied, and was correct, and while his son, and only witness besides himself, testified that he presented the account sued on to the defendant, who admitted it was correct and promised to pay it, yet no account whatever seems to have been offered in evidence and none appears in the record.

Appellant declined to produce his books, which his counsel says was the reason given by the court why the court refused to give appellant's two instructions. He testified that his books were at his saloon in Alton. We infer that the account on the books was lengthy.

Appellee unequivocally denied that any account was presented to him, or that he ever told appellant's son, or anybody else, that he owed the bill and would pay it. It seems probable from the evidence that much, if not all, of the account was made between August 1, 1894, and July 1, 1895, and was for liquor sold on Sundays, and drunk in appellant's saloon; and although appellant denies selling the liquor on Sunday, because the ordinance of the city against selling on that day was strictly enforced at that time, yet appellee was fully corroborated by witnesses who, no doubt, gave their evidence reluctantly, but which bears the stamp of truth.

But whether the liquor was sold on Sunday or on other days was of little consequence, since appellant's counsel admit that appellee was an inebriate, and had been for years,

and the evidence is conclusive of the truth of the admission; hence the sales were made in violation of Section 6 of Chapter 43 of the Revised Statutes, which is quite as comprehensive for the purposes of this case as the ordinance of the city of Alton could have been had it been put in evidence, which was not done, although counsel on both sides seem to assume that it was.

A careful reading of the evidence as it appears in the record fails to convince us that the verdict was against the weight of it; therefore the court did not err in refusing to sustain appellant's motion for a new trial, on the ground that the verdict was against the weight of the evidence. The judgment is affirmed.