# B. M. SHAFFNER
## *v.*
## JENNIE SHAFFNER.

*Opinion filed October 24, 1904—Rehearing denied December 9, 1904.*

1. ALIMONY—*failure to comply with alimony decree is prima facie evidence of contempt.* Failure of a husband to comply with a divorce decree directing payment of alimony is *prima facie* evidence of contempt, to purge which the burden is upon him to satisfy the court of his inability to pay.

2. SAME—*evidence showing inability to pay alimony should be explicit.* One seeking to show his inability to pay alimony should show with reasonable certainty the amount of money he has received, and that it has been disbursed in paying obligations and expenses which, under the law, he should pay before paying alimony.

3. SAME—*when demand for alimony is not prerequisite to attachment for contempt.* An attachment for contempt may be issued against a defendant who has defaulted in payment of alimony without a demand for payment of the alimony having been made, if the decree was entered by consent and designates the time, place and person to whom the payments were to be made.

4. SAME—*when failure to prove demand to pay alimony is no defense to contempt proceeding.* Failure to prove a demand to pay alimony is no defense to an attachment for contempt, where the defendant was given an opportunity to pay when notified of the proposed contempt proceeding and where his failure to pay is willful.

5. SAME—*power to compel payment of alimony is not limited to one year's arrears.* The power of the court to compel payment of alimony by attachment for contempt is not limited to arrears for the period of one year prior to the application.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

B. M. SHAFFNER, *pro se.*

Mr. JUSTICE SCOTT delivered the opinion of the court:

On October 23, 1888, in the circuit court of Cook county, appellee obtained a divorce from appellant, and on the 29th of that month he was decreed by the court to pay her the

sum of $80 per month as alimony. On February 7, 1902, appellee filed her affidavit in that court showing that the sum of $1200 was due her on that decree, and that defendant had not paid anything thereon since June, 1901. Thereupon an order was entered requiring the defendant to show cause why he should not be attached for failure to comply with the decree, and on February 13, 1902, he filed a sworn answer stating that he intends no contempt and has not been guilty of contempt, but that he has been, and still is, unable to pay the unpaid alimony on account of a lack of money or means with which to satisfy the same; that he owns no real estate; that his law library and household goods are mortgaged to one W. G. King; that certain of the notes secured by the mortgage are due, respondent is unable to pay the same, and King is threatening to foreclose; that the jewelry owned by himself and his present wife has been pledged for two years last past, and that the pledgee is threatening to sell the same on account of the non-payment of the principal and interest secured by the pledge; that he is indebted to the Ashland Block Association for rent for his law office for three months, and that there are judgments against him in the courts of record of Cook county for about $3500; that for the last two years he has made a bare living for himself and family at the practice of law; that on February 7, 1902, he paid to the solicitors of complainant $20, and within a few days will be able to pay $30 more, and that he expects to pay about the sum of $50 per month hereafter, but that at present he is unable to pay any back alimony or to exceed $50 per month hereafter. On March 7, 1902, he filed a further affidavit showing that he had paid $15 on account of the alimony on March 4, 1902, and $10 on March 7, 1902, and that he will be able within a week or ten days to make a further payment.

The court, having considered these affidavits, ordered that the appellant be attached for contempt. Thereupon, on March 15, 1902, appellant moved that the order of attachment be set aside and the cause continued, and in support of

that motion filed his affidavit showing that he was not present when the order of March 7 was entered, and averring that he had had an arrangement with solicitors for appellee by which the matter was to be continued until March 8. The solicitors for appellee filed counter-affidavits. The matter came on to be heard again on March 18, 1902, when the appellant testified in open court, substantially to the matters averred in his answer, and in addition thereto that appellee resides with her father and receives from him $50 or $75 per month for her support; that appellant has an invalid brother and contributes $5 a week to his support, and that his total indebtedness, including $300 or $400, which he owes for household expenses, is in the neighborhood of $7000; that he has paid $90 on account of alimony since the institution of this proceeding; that since June 1, 1901, he has not earned enough to pay living and running expenses; that he keeps no accounts as his business is all cash business and does not require a set of books; that in the month of June, 1901, he earned not to exceed $125; that in July, August and September of that year he did not earn to exceed $25; that in September he did not receive from his business to exceed $25 or $50; that in October he did not take in to exceed $100 or $150; November was about the same; in December he received probably $100 or $125, and not to exceed that, and possibly below, for the month of January, 1902; that he did not receive to exceed $100 for both the months of February and March, 1902; that he has paid as office rent seventy-odd dollars per month up to four or five months ago, since which time his net expenditure for office rent has been reduced by sub-letting part of the rooms; that he pays no rent for the house in which he resides; that he once had the title to that property, but lost it through foreclosure; that his son had a few hundred dollars and made some arrangement by which he had taken up or satisfied the mortgage indebtedness, and appellant occupies the property without paying rent; that he has married again; that his family consists of

himself, his wife and a step-daughter seventeen or eighteen years of age; that his expenses at home run about $2 a day; that he does not use $50 a year on his own person; that he is engaged in attempting to form a combination among certain business interests, and that if he succeeds his compensation will be sufficient to pay all his indebtedness, and that the matter will be determined one way or the other within sixty days.

Thereupon the court continued the cause until the second day of June, 1902. At that time appellee filed a further affidavit showing that since the institution of the proceeding, $320 had accrued on the decree for alimony, and that during that time she had been paid the sum of $95 by appellant; that she had been informed and advised that appellant had received a very large fee amounting to several thousand dollars during that period. Appellant then filed an affidavit stating that he had not received any such fee; that the combination which he had expected to effect had not been consummated; that since the beginning of this suit he had paid $95 alimony, said payments being made at the rate of $50 per month for the months of February and March, and expected within a day or two to pay the further sum of $100 for the months of April and May, and that his financial condition remains the same as shown by his affidavit of February 7, 1902.

Thereafter, on June 23, 1902, an order was entered adjudging appellant guilty of contempt of court because of his failure to pay alimony to appellee in accordance with the decree for alimony, and committing him to the county jail of Cook county for a period of six months, or until he shall have paid the sum of $1200 to appellee or until he be discharged according to law. That order has been affirmed by the Appellate Court for the First District, and the appellant brings the cause to this court.

It is first urged that the court erred in adjudging the defendant guilty of contempt, for the reason that the evidence showed that he had attempted to comply with the decree but

had been entirely unable to do so. A showing that a divorced husband has failed to comply with the decree directing the payment of alimony to the former wife is *prima facie* evidence of contempt. Where he seeks to satisfy the court that his failure to pay is due entirely to his inability to pay, the burden is on him to establish that fact. We do not think the showing made by appellant was sufficient to purge him of contempt. His testimony is entirely too general and indefinite in reference to the amount of money that he received from his practice between June, 1901, and February, 1902. During that period of seven months, he paid nothing whatever on account of this decree. He is actively engaged in the practice of law, but swears that he keeps no books showing his accounts with clients. He states that his earnings during the months of October, November, December and January, which were a part of that seven months period, were from $100 to $150 per month. He does not show what was done with this money except to say that it took it all to pay living and running expenses. This is not sufficiently definite. Estimates and guess-work will not answer. He who seeks to establish the fact that his failure to pay is the result of lack of funds must show with reasonable certainty the amount of money he has received. He must then show that that money has been disbursed in paying obligations and expenses which, under the law, he should pay before he makes any payment on the decree for alimony. It is proper that he first pay his bare living expenses; but whenever he has any money in his possession that belongs to him and which is not absolutely needed by him for the purpose of obtaining the mere necessaries of life, it is his duty to make a payment on this decree. We are not satisfied from his answer, affidavits and testimony that he has pursued this course. The answer and last affidavit filed by him indicate a purpose on his part to reduce the amount of the alimony without any action on the part of the court, rather than an attempt made in good faith to comply with the decree.

The fact that appellee receives an allowance from her father for her support is entirely without significance. The decree for the payment of $80 per month fixes the legal obligation of appellant. Assistance rendered appellee by her parent in nowise affects the duty resting upon appellant to satisfy his own obligation in this regard.

Authorities from other States are cited to show that a proper demand for the payment of alimony is a prerequisite to a commitment for a contempt in failing to pay, and in *Blake v. People,* 80 Ill. 11, although the question of the necessity of demand was not before the court, it was said (p. 14) : "It is not perceived in what respect decrees for alimony differ from other decrees for the payment of money. Imprisonment for non-compliance therewith, unless willful, or unless upon a refusal of the defendant, upon proper demand made, to deliver up his estate in satisfaction of the decree, is within the inhibition of the constitution against imprisonment for debt."

The only purpose of a demand is to give the defendant an opportunity to pay. Here the decree for alimony was originally entered by consent of the defendant. He knew exactly what its provisions were, and it was his duty to comply therewith without any demand if it designated the time when, the place where and the person to whom the payments were to be made. We are unable to determine from the abstracts before us whether this decree was thus specific. In this proceeding, however, prior to the entry of the order of attachment a notice was served upon the defendant by complainant's solicitor, to the effect that complainant would on a day certain ask for a rule on the defendant to show cause why he should not be punished for contempt for failure to comply with the decree. Defendant then had an opportunity to pay the solicitor, and did, in fact, make a small payment to him. Under the circumstances shown here, failure to prove a demand cannot avail the defendant for two reasons : First, he was given an opportunity to pay when notice was

served upon him; and second, his non-compliance with the decree must be regarded as willful.

It is then urged that courts will not compel payment of alimony beyond a year prior to the application, as the allowance is for the wife's maintenance from year to year. English cases are referred to in support of this doctrine. The question has not before been presented in this court, but in each of the cases of *Wightman* v. *Wightman,* 45 Ill. 167, *Barclay* v. *Barclay,* 184 id. 471, and *Deen* v. *Bloomer,* 191 id. 416, this court affirmed an order committing the defendant for contempt in failing to pay alimony for a period greater than one year, one purpose of the commitment being to enforce payment of the entire amount in arrears. Under these circumstances, we are not disposed to adopt the rule on this subject which appellant invokes.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

*Opinion filed October 24, 1904—Rehearing denied December 9, 1904.*