## Goldie Bandy, Appellee, v. Frank M. Bandy, Appellant.

### Gen. No. 9,468.

Heard in this court at the May term, 1945. Opinion filed May 28, 1945. Released for publication June 23, 1945.

FRANCIS R. WILEY, of Decatur, for appellant.

CHARLES E. LEE, of Decatur, for appellee.

MR. PRESIDING JUSTICE RIESS delivered the opinion of the court.

Defendant and counterclaimant, Frank M. Bandy, has appealed from a decree of the circuit court of Macon county granting a divorce to plaintiff appellee Goldie Bandy upon the statutory ground of wilful desertion, wherein she was awarded the home and furnishings in Decatur, Illinois, the legal title to which was previously vested in her name and also a 63 acre tract of farm lands, the title to which was held in joint tenancy by the plaintiff and defendant. On account of special equities in evidence, defendant was awarded all interest in a lot wherein he held an equitable interest and plaintiff was barred from any interest therein or in other lands held by the defendant growing out of the marital status of the parties. The prayer of defendant for a decree of divorce under his counterclaim was denied. Both parties were gainfully employed but no specific alimony allowance in money for the support of the plaintiff was granted in the decree. Each party sought a decree of divorce, but the controversy herein arises out of the legal and equitable division of the property interests of the respective parties.

Error is assigned in granting the decree of divorce; in adjusting the property interests by allegedly giving property to plaintiff in lieu of an alimony allowance; in not decreeing joint ownership in the residence property and in awarding the residence, farm land and household goods to the plaintiff; in not ascertaining the joint incomes and applying the rule allowing her one half the difference in their respective incomes as alimony and in fixing the rights of the parties to the properties contrary to alleged prayer for alimony payments.

We need not go into a discussion of the conflicting testimony concerning the issues of wilful desertion for more than one year without reasonable cause and the weight of the proof concerning respective charges of adultery. From the whole of the record, we find that the decree of the circuit court in relation to these issues was in accord with the greater weight of the evidence. A discussion of the facts appears in a written opinion filed by the court below.

 Where special equities in real estate or chattels are shown by the parties, the court may adjust these equities and in this case, the court has undertaken to do so by the proper exercise of its equitable powers as expressly prayed in the complaint. *Meighen v. Meighen,* 307 Ill. 306, 138 N. E. 613; *Byerly v. Byerly,* 363 Ill. 517, 526, 2 N. E. (2d) 898. In considering the allowance of alimony in connection with the ascertainment and adjustment of the legal and equitable interests of the parties in the real estate and chattels in controversy, a reasonable latitude is allowed to the chancellor consistent with the facts appearing in the record. The court, in determining and allowing alimony, will consider such factors as the age and condition of health of the parties, their property and income, their station in life and the conduct of the respective parties and may equitably adjust their property interests. Both parties had prayed for such equitable relief. *Byerly v. Byerly, supra.* Proof of the contributions in money and from earnings of the respective parties appears in the record.

 In the instant case, it appeared that the parties were married in 1909 and had lived together as man and wife for 33 years, having reared a family, all of whom are now adults. The plaintiff was residing with a married daughter in property which had been purchased by the joint earnings of the parties and previously occupied as a home by the parties while still living together. The wife had been employed in gainful pursuits outside of the home during 16

years of their married life and the husband had been employed principally in work on a railroad which will entitle him to a pension. The home had been acquired and held by the parties in joint tenancy. Subsequently, they had disposed of a lot similarly held and the proceeds were turned over to the defendant who engaged in a trucking adventure. The home itself had in the meantime been transferred to the wife who now holds and claims the same and refused to reconvey this tract to be again held in joint tenancy by the parties. The trucking adventure of defendant was not a financial success and he returned to his work upon the railroad. Defendant contends that the transfer to plaintiff was intended as a protection against possible suits for damages, which contention was controverted by the plaintiff. No fraud is charged or proven in connection with the transfers of the property between the husband and wife. The 63 acres of farm land was purchased for $1,500 and was taken subject to a mortgage. Each party claimed that the lien thereon had been subsequently reduced by payments from their respective earnings. The wife contended that she had paid the indebtedness. A mortgage lien was also placed against the home, the proceeds of which appear to have been used in making improvements thereon. This unpaid indebtedness, together with any liens against the above properties is assumed and must be paid by the wife under the terms of the decree. It appears that on account of the misconduct of the husband, the wife had contracted a venereal disease which the testimony tends to show had seriously affected her general health.

In view of the special equities involved and shown by the evidence to have existed in relation to the respective properties, the court was fully empowered to enter the decree complained of and under the evidence appearing in the record and the principles of law ap-

plicable thereto, we find no substantial nor prejudicial error appearing in the record. The decree will therefore be affirmed.

*Decree affirmed.*