Shirley L. Warren, Plaintiff-Appellee, v. Arthur E. Warren, Defendant-Appellant.

**Gen. No. 48,997.**

First District, Second Division.

March 14, 1963.

Samuel Nineberg and Bernard W. Mages, of Chicago (Samuel Nineberg, of counsel), for appellant.

Jacobs, Ribstein & Lieberman, of Chicago (Eugene Lieberman, of counsel), for appellee.

MR. PRESIDING JUSTICE BRYANT delivered the opinion of the court:

This case arose on a motion by the defendant to terminate payments of alimony to his ex-wife. It is his theory that since the entry of the decree of divorce, the circumstances of the parties have changed to such an extent that he is entitled to the requested relief. This appeal is taken from an order denying that motion.

On February 8, 1961, a decree of divorce was entered whereby, pursuant to an agreement between the parties, the defendant was directed to pay to the plaintiff $55 per week for the support of the one child born of the marriage and $55 per week alimony until her remarriage. At that time, as at the present time, defendant earned a net salary of $182 per week. Plaintiff has greatly stressed the fact that, at the present time, defendant is the recipient of an expense

account and the owner of an expensive automobile, purchased by his employer, for his use as a traveling salesman. However, she has not alleged that he did not receive the expense account and was not provided with an automobile at the time the divorce decree was entered. Therefore, we must assume that his net salary has not changed since that time.

Defendant's claim for relief sounds in the proposition that his ex-wife's financial condition has been greatly improved in view of the fact that subsequent to the divorce, she obtained steady and gainful employment whereby she is now receiving a net salary of $75 per week. This $75 plus the $110 which she receives from the defendant for the support of herself and the child gives her a weekly net income of $185, whereas the defendant has a weekly net income of only $72 after paying the above-mentioned $110 to plaintiff.

█ There is no question but that the court is empowered to alter the alimony provisions of a divorce decree if a change of circumstances so warrants. Ill Rev Stats 1961, c 40, § 19 provides, inter alia:

> "The court may, on application, from time to time, make such alterations in the allowance of alimony and maintenance, and the care, custody and support of the children, as shall appear reasonable and proper."

See also MacKinlay v. MacKinlay, 18 Ill App2d 355, 152 NE2d 213; Larson v. Larson, 21 Ill App2d 264, 157 NE2d 689; Mayes v. Mayes, 23 Ill App2d 513, 163 NE2d 235.

Plaintiff contends that in considering whether or not the award of alimony should be modified, this court must consider the familiar rule laid down in Arnold v. Arnold, 332 Ill App 586, 76 NE2d 335, to the effect that a divorced husband is obligated to maintain his ex-wife in the standard of living to which he had

accustomed her and that if the alimony award is modified, in this case, plaintiff will be relegated to a lower standard of living.

█ We agree with plaintiff that this rule must be considered, but it is, by no means, the sole determining factor in the allotment of alimony. The test for determining the proper amount of alimony has been set forth in Byerly v. Byerly, 363 Ill 517, at page 525, 2 NE2d 898:

> "There is no hard and fast rule for the fixing of alimony. Matters which are usually considered by the court in determining alimony are the ages of the parties, their condition of health, the property and income of the husband, separate property and income, if any, of the wife, the station in life of the parties as they have heretofore lived, . . . . If the circumstances of the parties change, upon proper showing the court may increase or decrease the amount of alimony as conditions may warrant."

See also Gilbert v. Gilbert, 305 Ill 216, 137 NE 99; Cahill v. Cahill, 316 Ill App 324, 45 NE2d 69; Bandy v. Bandy, 326 Ill App 55, 61 NE2d 586.

Even more germane to the issue in the case at bar is the rule set forth in Cahill v. Cahill, 316 Ill App 324, 336, 45 NE2d 69:

> "The law is well established that where both the wife and husband are in receipt of income, the income of the wife as well as that of the husband must be taken into consideration in determining the amount of alimony the divorced husband must pay his former wife."

██ At the time the divorce decree was entered the plaintiff was not gainfully employed and she was under no obligation to seek employment either for the purpose of supplementing or reducing defendant's ali-

289

mony payments. See Arnold v. Arnold, 332 Ill App 568, 76 NE2d 335. Nevertheless, when she voluntarily obtained employment, she effected a substantial change in her financial circumstances. The rule in respect to circumstances warranting modification of alimony has been set forth in Herrick v. Herrick, 319 Ill 146, 153, 149 NE 820:

> "The foundation of alimony being the obligation of the husband to support his wife, and the decree being merely the enforcement of that obligation in behalf of a wife legally permitted to live apart from her husband, our statute wisely recognizes that a change in circumstances may require a change in the decree. As the measure of the sum required is necessarily the need of the wife and the ability of the husband to pay, the amount decreed will logically be affected by a change in either element. (Wallace v. Wallace, 74 NH 256, 67 Atl 580.) Where there is a change in circumstances which upon principles of equity requires a change in the order for alimony there is no doubt of the power of the court to make modification. (Cole v. Cole, 142 Ill 19.) In making the change the court should take into consideration, as it apparently did in the case at bar, the property and income of the parties, their ages, health and social conditions, and whether there are children dependent upon one or both of them for support."

See also McVeigh v. McConnell, 313 Ill App 75, 38 NE2d 962.

In Evar v. Evar, 330 Ill App 247, 70 NE2d 422 (Abst.), the court, in a previous action, had reduced alimony payments because of, inter alia, the wife having obtained gainful employment since the original decree and in the present action reinstated the original

allowance pursuant to her petition alleging that she had lost her position and was in need of additional support.

In Pokorney v. Pokorney, 348 Ill App 364, 109 NE2d 254, the court reduced the amount of alimony and cited, as one of the determinative factors underlying its decision, the fact that the ex-wife had acquired steady employment subsequent to the original decree.

It is our opinion that in view of the fact that plaintiff has obtained steady and gainful employment since the entry of the decree providing for alimony, there has been a substantial change in the circumstances of the parties and from the facts and circumstances in this case, defendant is entitled to relief.

The order is therefore reversed and the cause remanded with directions to enter an order reducing the weekly alimony payments from $55 to $20, said reduction to become effective as of the date this opinion is filed. The allotment for the support of the child is to remain the same.

Order reversed and cause remanded with directions.

BURKE and FRIEND, JJ., concur.