Belle Janov, Plaintiff-Appellee, v. Edward Earl Janov, Defendant-Appellant.

Gen. No. 64–65.

Third District.

June 7, 1965.

Herbert M. Spector, of Rock Island, for appellant.

Reidy, Katz, McAndrews, of Rock Island (Isador I. Katz and Martin H. Katz, of counsel), for appellee.

ALLOY, P. J.

This is an appeal from an order of the Circuit Court of Rock Island County citing the Defendant Edward Earl Janov for willful contempt and remanding him to jail for 30 days, unless he shall have purged himself of said contempt by payment of the arrearages in alimony in the sum of $1,050.00 and $525 due for mortgage payments to a certain loan association and also directing that he pay the attorney for Plaintiff Belle Janov $300 as attorney's fees and likewise denying the request of Defendant for modification of the original decree of divorce as to child support, alimony and the monthly mortgage payments.

On appeal in this Court, Defendant contends, first, that the Trial Court was in error in finding him guilty of willful contempt principally because the petition failed to allege that there was willful contempt, secondly, that the Court erred in assessing attorney's fees of $300 as against Defendant since it was con-

tended that such allowance included fees other than those involved in the Rule to Show Cause, and, finally, that the Trial Court erred in failing to adjust the amount of alimony, child support and monthly mortgage payments according to changed circumstances, principally because the wife was employed subsequent to the divorce proceedings and that the change of circumstance was sufficient to call for a modification of the prior decree.

It is not necessary to detail the evidence in full, but it is apparent from the record (not limited to the hearing on the petition under consideration) that while Defendant was not shown to be specifically employed, following the decree for divorce, he had spent very large sums of money and had flown to Philadelphia, New York, Chicago, Las Vegas and Los Angeles; that he had taken a certain female companion with him on one of the trips paying for her plane ticket and other expenses, that he had promised his oldest son an MG automobile; that he paid off $20,000 in tax liens of the Federal Government and apparently had no trouble financing borrowings. He admitted gambling at Las Vegas and winnings of $500 but did not indicate his losses. The day before one hearing he had flashed several $100 bills which he admitted he had in his possession in the event the trial judge should rule him in contempt at the hearing and for the purpose of paying the mortgage balance; that he gave his former wife two $100 bills to clear a tax lien against her small bank account arising from his tax troubles; that in a few weeks he was planning to close up his printing plant and expected to come out with a substantial amount of money.

There is nothing in the record to show that he did in fact have any substantial sum of money. He had previously paid all arrearages both for support and mort-

gage balance but at the hearing with which we are concerned, Defendant admitted he was nine weeks in arrears in support and alimony payments to his wife but gave his son $100 for his birthday. He gave his daughter $50 for a pleasure trip. He deducted upon his own volition, $5 or $10 per week from previous payments to his former wife in order to give his children an allowance though she was responsible for setting their allowance. He had flown to Miami twice; to California three times; had visited Las Vegas five times in the last six months but had no records of his winnings or losses at gambling; that he had not the slightest idea of how much he had spent on the various trips which he admits to be both pleasure and business. At the hearing his former wife, Belle Janov, testified that she had received nothing since April 4th of 1964, but that on June 5, shortly before the last hearing (which was held on June 11), she had received a check which was not honored at first but was later honored; that she had been required to go to work to help support the family and after paying for sitters for her family was able to net some $50 additional toward family expenses per week. Her expenses were about the same as at the time of the divorce. The record indicates that Defendant's income is $160 per week after taxes and that out of that the United States Government gets another $50. Defendant stated that it cost him $100 a week to live now.

 The order of the Circuit Court of Rock Island County entered on June 11, 1964, and from which this appeal is taken, recites that "said Defendant is guilty of a willful contempt of the original order." Under the Illinois Divorce Act (Ill Rev Stats 1963, c 40, §§ 15, 16) there is no requirement that a specific request be made in a petition for a citation that Defend-

14

ant be found guilty of willful contempt. The order of the Court, however, must in fact find that the failure to comply with the decree was willful (White v. Adolph, 305 Ill App 76, 26 NE2d 993; Mesirow v. Mesirow, 346 Ill 219, 178 NE 411). The finding of willful contempt is a matter of fact to be determined by the Trial Judge, and a court on review will not interfere unless there is a clear abuse of discretion (Igney v. Igney, 303 Ill App 563, 25 NE2d 608). On the record before us, we cannot say that there was a clear abuse of such discretion in finding Defendant guilty of willful contempt.

There was no error, on the basis of the record, in the allowance of an attorney's fee of $300 as against Defendant for prior and current services. The request for fees was made not only for services in connection with the Petition for Rule to Show Cause but also for work on a prior petition and the $300 allowance was clearly not an excessive charge for work on these petitions.

The only change in circumstance referred to arose from the fact that the Plaintiff Belle Janov is now employed at a salary of $70 per week. From this she nets only about $50 a week by reason of the additional expense of baby-sitters. There is no evidence that the Plaintiff is living more comfortably than she was prior to obtaining employment. Under the facts as presented in the record, the Trial Judge could determine whether there was such a material change of circumstance from the evidence presented as to justify a modification of the decree (Darmer v. Darmer, 324 Ill App 160, 57 NE2d 518). We cannot say, on the record before us, that the Trial Judge erred in finding that Defendant had not discharged the burden of proof required to justify a modification of the previous decree entered in the cause.

15

On the record before us, therefore, we find no reversible error in the order entered by the Circuit Court of Rock Island County and such order will accordingly be affirmed.

Affirmed.

STOUDER and CORYN, JJ., concur.