MOLLIE LOUCKS, Plaintiff-Appellant *v.* PAUL LOUCKS, Defendant-Appellee.

(No. 69-139;

Fifth District—February 19, 1971.

Harris & Lambert, of Marion, for appellant.

Mr. JUSTICE JONES delivered the opinion of the court:

The plaintiff-wife appeals from an order of the trial court reducing the amount of alimony and child support fixed in the original decree of divorce from $70.00 per week to $40.00 per week.

The parties were married in April 1956, and divorced by a decree entered in March 1968, upon the complaint of the wife. The husband appeared in the divorce proceeding and filed an answer and counter-claim. At the time of the divorce the parties had four children, ages ten, eight, five and three. The decree of divorce contained an order for the payment of $70.00 per week for "alimony and child support" which derived from an agreement of the parties. The decree also awarded the wife a 1960 Corvair automobile and the house the parties had been living in, and ordered the defendant-husband to make the monthly real estate mortgage payment of $45.50. The wife was to deed all her interest in a property in California to the husband.

In June 1969, the husband filed a petition to modify the divorce decree by reducing the amount of alimony and child support from $70.00 per week to $35.00 per week, alleging that the "status of the parties has changed" in that subsequent to the entry of the divorce decree the husband's income has decreased by fifty per cent, from $10,000.00 to $5,000.00. A hearing was held at which the only evidence given was the testimony of each of the parties in their own behalf. The husband testified that he was in the retail furniture business and for the years 1965 through 1967 he had a net income of approximately $7,500.00 to $8,000.00 but his business had decreased considerably so that as of May 1969, he was $900.00 in the red. The deterioration in his business was, according to his testimony, a condition general in the trade, everyone's business was off, and that the first six months of 1969 was going to be real slow but the forecast was that the last six months of 1969 should be real good. He had incurred debts and borrowed a total of $5,300.00 to

use in paying his alimony and child support and to put in his business. After his divorce in March 1968, he had remarried in July 1968. His second wife worked with him in the furniture business which they operated as a partnership, each owning a one-half interest. He had purchased another home but had sold it and was living with his wife's father. He paid no rent to the father-in-law but did pay all of the food and all of the utility expenses. He had a 1966 GMC truck which he used in his business. In March 1969, when he was losing money and business was bad he purchased a 1968 Chevrolet Caprice automobile, the biggest passenger car made by Chevrolet. The original purchase price was $2,650.00 and the monthly payments were $99.00. His second wife drove a 1967 Buick Le Sabre. He used the Chevrolet automobile in his business but the Buick was his wife's car which she owned prior to their marriage and it was not used in the business. The defendant further testified that his personal expenses for food, clothing, medical and automobile expenses are a minimum of $150.00 per month. That figure does not include the car payment of $99.00 per month or the insurance policy on his ex-wife and children. In 1968 he sold a piece of property in California for $2,200.00 and put it in the business. He is not behind on his payments of alimony and child support which he was ordered to make in the decree of March 1968. He stated he would like to continue to support his children but simply did not have the money. On cross examination defendant testified that it takes $150.00 for him and his second wife to live which is $2.50 each per day. He later clarified this by saying that about one-third of the $150.00 goes for his father-in-law. He pays his ex-wife $70.00 per week for five persons which is $2.00 each per day and he is asking that that payment be cut to $1.00 per day for each.

For her part the plaintiff-wife testified that she is still living in the same house that she was living in when the decree of divorce was entered and her needs for the support of herself and children have not changed in any way since the divorce was granted.

■■ After the hearing the trial court entered an order reducing the "child support payments" from $70.00 per week to $40.00 per week. The wife appeals. The defendant-husband, petitioner below, sought and was granted an extension of time to file a brief but did not file a brief or otherwise appear in this court. The contentions of the respondent wife are thus not contested and it is not necessary for us to consider them. When an appeal is perfected and the appellee does not submit an answering brief, the reviewing court may reverse the judgment without further explanation of the merits of the appeal. (*Rotter v. Rotter*, 119 App.2d 231, 255 N.E.2d 479; *Woodward v. Woodward*, 96 App.2d 251, 238 N.E.2d 269; *Wieboldt Stores v. Mautner*, 61 App.2d 368, 210 N.E.2d

597.) However, in such a situation we may, in our discretion, examine the record to see if an appellant is entitled to the reversal prayed for, or if an injustice would be done an appellee by granting the reversal. *Werbeck v. Werbeck*, 70 Ill.App.2d 279, 217 N.E.2d 502.

Section 18 of the Divorce Act (Ill. Rev. Stat. 1969, ch. 40, par. 19), provides in part that "The court may, on application, from time to time, make such alterations in the allowance of alimony and maintenance, and the care, custody, and support of the children, as shall appear reasonable and proper." The cases uniformly hold that an alteration will be made only when the conditions and circumstances of the parties have materially changed since the entry of the original decree. (*Green v. Green*, 86 Ill.App.2d 362, 229 N.E.2d 565; *Kelleher v Kelleher*, 67 Ill.App. 2d 410, 214 N.E.2d 139; *Gregory v. Gregory*, 52 Ill.App.2d 262, 202 N.E.2d 139.) The court may not arbitrarily or capriciously modify the provisions for alimony or child support but can do so after a substantial change is shown to have occurred. *Gregory v. Gregory supra*. The burden of proof is upon the applicant to show such material changes in circumstances as would justify modification. *Kelleher v. Kelleher supra; Patterson v. Patterson*, 28 Ill.App.2d 76, 170 N.E.2d 11; *Goodman v. Goodman*, 329 Ill.App. 444, 69 N.E.2d 26.

We think that when the evidence and the defendant's financial records are considered the trial court was not justified in reducing the alimony and child support which the defendant was ordered to pay in the decree of divorce. Defendant is, of course, not responsible for the depression of business conditions in the retail furniture trade. His own testimony indicates that this condition was transitory and improvement was expected. But it was a matter of his election that he sought remarriage, that he purchased an expensive automobile at a time when his business was decidedly on the downgrade, that he was living with his new father-in-law (albeit rent-free) and furnishing him with food and utilities. This with the certain knowledge of his obligation to pay specified amounts for alimony and child support. It is clear from the evidence that the financial pressure under which defendant finds himself does not result from his primary obligation to support his children and the decree ordering payments therefor. It surely results from his subsequent voluntarily acquired obligations stemming from his remarriage and his newly acquired automobile. His is not the type of conduct that justifies the intervention of a court to grant him relief from his plight. His responsibility for support of his four minor children, as decreed, outweighs the evidence he has produced in an attempt to show a material change of circumstances required by the cases to entitle defendant to the relief he seeks.

The result we reach here is in accord with cases decided on the question of what constitutes a sufficient change in conditions to warrant modification of alimony and child support payments by reducing the amount previously decreed.

In the *Gregory* case *supra* it was held that the remarriage of the defendant and a child by the second marriage, does not present, in itself, a change of condition sufficient to warrant a modification. Although the effect may be to deprive a second wife of support, from a legal standpoint, the first come first and the second come second. In other words, the first obligation must be met before the second obligation can or will be considered. In *Stewart v. Stewart*, 1 Ill.App.2d 283, 117 N.E.2d 579, it was held that the obligation to pay alimony is not removed by the obligator's subsequent marriage, although the effect may be to deprive a second wife of her current means of support. In *Zug v. Zug*, 81 Ill.App.2d 298, 225 N.E.2d 146, (published in abstract) it was stated that a divorced parent's obligation to the children of the first marriage is a primary obligation and voluntary obligations which may be incident to his second marriage are not a change in circumstances as to effect his primary obligation; further, that a divorced husband's second marriage and child born thereof would not constitute a change of conditions sufficient to warrant modification of child support provisions of the divorce decree. Also see *Gaines v. Gaines*, 106 Ill.App.2d 9, 245 N.E.2d 574; *Janov v. Janov*, 60 Ill.App.2d 11, 207 N.E.2d 691; and *Green v. Green supra*.

For the foregoing reasons the order of the trial court granting a modification of the alimony and child support payments will be reversed.

Judgment reversed.

EBERSPACHER, P. J., and MORAN, J., concur.