LEONA CAROLE DAUM, Plaintiff-Appellee, *v.* GENE WALTER DAUM Defendant-Appellant.

(No. 71-302;

Fifth District—May 4, 1973.

James E. Buchmiller, of Greenville, for appellant.

Meyer and Meyer, of Greenville, for appellee.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from the Circuit Court of Bond County.

On February 3, 1967, the court entered a decree for divorce to the plaintiff, Leona Carole Daum; the defendant, Gene Walter Daum, was ordered under the terms of the decree to pay to the plaintiff $40 per week as partial support for the couple's four children. This decree was subsequently modified on November 18, 1968, as a result of the plaintiff's Petition to Modify, wherein the court increased the child support payments to $50 per week.

On July 17, 1970, the plaintiff filed a Petition for Rule to Show Cause alleging that the defendant failed to meet the support obligations of the court's decree. An Order to Show Cause was entered the same day. In response thereto the defendant filed his own Petition for Order to Show Cause alleging that plaintiff denied him visitation to the children. On August 5, 1970, the defendant filed a Notice to Appear and Produce Tax Records and a Petition for Modification of Decree, seeking a reduction in the amount of the support payments. The defendant next filed, on

December 18, 1970, a Petition for Order to Show Cause for the plaintiff's failure to provide tax records.

The plaintiff agreed at a hearing held on November 20, 1970, to produce the requested income tax returns, but the court, subsequent to the hearing, determined that it would not be necessary for the plaintiff to produce the actual tax records. The originals having been lost, the court indicated its opinion that it would cause an unnecessary delay to obtain duplicates from the Internal Revenue Service.

The defendant was, however, supplied by letter from the plaintiff's counsel the tax information for the years requested. The plaintiff did subsequently on July 26, 1971, produce copies of the tax returns, and defendant's Petition for Order to Show Cause was denied by order filed July 28, 1971. The information in the tax returns was in accord with the information that had previously been supplied by the plaintiff's counsel. The hearing on July 26, 1971, was to be the initial hearing on all matters then outstanding, but the defendant's counsel requested that the hearing only consider the discovery issues. The defendant's request was granted and the hearing was continued until August 9, 1971, an agreed upon date. It appears that on August 3, 1971, the defendant's counsel realized that he had an apparent conflict in the date set for the hearing, in that he had planned to take a vacation from August 6 until August 22. The defendant's counsel, without first obtaining a continuance from the court, proceeded on his vacation.

Apparently the defendant's counsel informed the clerk of the Circuit Court that he was desirous of obtaining a continuance, but made no attempt to communicate with the trial court. He did, without success, attempt to inform opposing counsel of his desire for a continuance. No continuance was granted. The court so informed the defendant's counsel by letter, who replied by letter that "it will be impossible for me to be present." The defendant's counsel's letter was not received by the court until August 10, one day after the hearing. When the matter was called for hearing on August 9, 1971, the plaintiff and counsel were present; the defendant and his counsel were not. The trial court then obtained the presence of the defendant and proceeded to hear the issues. A full hearing was held and the defendant testified and made his position known, especially regarding his financial status.

The court granted the defendant visitation for the period of from August 10 to August 24, 1971, so that the defendant could exercise rights of visitation prior to the children's return to school.

The court also ruled, among other things, that the defendant was in contempt for willful failure to pay any child support for a period of approximately six months total payment (more than 24 weeks accrual),

248

plus medical bills of some $675, and gave defendant two weeks to purge himself in an unspecified amount. The court also denied defendant's Petition for Order to Show Cause, finding that the plaintiff was not willfully withholding visitation of the children, and further finding that the defendant was then living with a woman not then his wife. The court also denied defendant's petition to reduce support payments, finding that the payment of $50 per week for four children was equitable and appropriate.

The court then, on August 23, 1971, with a defendant's counsel present, reconsidered all the matters determined on August 9, 1971. After reconsideration, the court confirmed its August 9th holdings in all relevant aspects.

On August 23, 1971, the defendant admitted that he made no payments to purge his contempt, so remaining in contempt, he was sentenced to 30 days in the County Jail with further purgation allowed by paying $200. The case was then reset for hearing on November 1, 1971, for further punishment or purgation after the defendant's crops were harvested. At this state of the proceedings, this appeal was brought by the defendant.

The defendant urges that the court erred in the following regard:

(a) holding the defendant in contempt of court for failure to pay the ordered child support;

(b) that the court should have found a change in circumstances and modified the defendant's support payments; and

(c) that he was denied substantial justice because of the irregularities in the court's hearings and proceedings by failure of the court to require plaintiff to produce the records pertaining to income, by failure to hear certain evidence, by holding the primary hearing without the defendant's counsel, and the general atmosphere and irregularities involved in the proceedings.

The first two assertions shall be considered together as the evidence in support of one is appropriate for the other. The court in its extensive "Statement of Reason for Decision (Substance)", as provided in Supreme Court Rule 323(a), has stated the basis for its decision. But a brief recital of some of the evidence before the court gives the court's basis for the decision. There is no dispute that (a) the defendant was behind in the support payments; (b) that the defendant had a housekeeper (whom he married on August 22, 1971); (c) that the defendant had income from wages and also farming, and that he was physically able to work; and (d) that he made no attempt to modify the decree until such time as the plaintiff obtained the show cause order. The court also found the

amount of $50 per week to be reasonable and that the defendant did not adequately account for his income and expenditures.

■■ The question of whether the defendant has been guilty of contempt is a question of fact to be decided by the trial court. (*Gregory v. Gregory*, 52 Ill.App.2d 262, 202 N.E.2d 139.) The decision of the trial court shall not be disturbed unless against the manifest weight of the evidence. (*Girolamo v. Girolamo*, 5 Ill.App.3d 627, 632, 283 N.E.2d 713, 716.) We do not feel that the order is contrary to the manifest weight of the evidence or that the record discloses an abuse of discretion. (See also *Loucks v. Loucks*, 130 Ill.App.2d 961, 266 N.E.2d 924.) The burden is upon the moving party to show such circumstances as would require a modification. Also see *Edwards v. Edwards*, 125 Ill.App.2d 91, 259 N.E.2d 820, wherein the court states that equity does not look with favor upon modifying a decree when the petitioner is not in compliance although that alone will not cause a denial of the petition.

■■ Referring to the defendant's third point, we have thoroughly reviewed the record of the proceedings and can find insufficient basis in the defendant's contention for a reversal of the proceedings. The trial court is allowed wide latitude in hearings of this nature. The record indicates that there was no substantial denial of justice to the defendant by the court's actions. The contention that the defendant was denied justice is without merit and cited authority by the defendant are readily distinguishable from the case at hand.

The judgment of the trial court is affirmed.

Judgment affirmed.

G. MORAN and CREBS, JJ., concur.