Bessie Thomas, Plaintiff-Appellee, *v.* William A. Thomas, Defendant-Appellant.

(No. 73-266;

Third District—April 19, 1974.

Kavanagh, Scully, Sudow, White & Frederick, of Peoria, for appellant.

Barash & Stoerzbach, of Galesburg, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is a petition to modify a decree for divorce brought by the defendant, William A. Thomas, seeking to reduce alimony payments to Bessie Thomas, plaintiff, on the grounds of a substantial change in circumstances. The Circuit Court of Knox County denied the petition and defendant has appealed contending that the trial court erred in finding no material change in circumstances sufficient to warrant reduction of alimony payments.

On April 27, 1973, a judgment for divorce was granted to plaintiff which provided for $25 per week alimony and which expressly provided for future modification if there was a change of circumstances.

On July 11, 1973, defendant filed his petition for modification alleging that at the time of the decree he was on medical leave from his employer receiving weekly benefits of $119, and that he anticipated that he would return to employment in the near future; that since then his employment was terminated for permanent medical disability, that he now receives $228 per month pension from his employer and all other payments from the employer were terminated. A hearing was held wherein it was disclosed that petitioner also received $266.10 social security and was to continue to receive this each month in addition to the $228 pension. The trial court denied the relief requested stating, "If anything the defendant is getting more money than was anticipated at the time of the divorce because so much of it was taxable at that time. At that time the only tax deductible items he knew of were the alimony payments, whereas now he also has $266.10 that is also deductible."

■■ The appellant has fully perfected his appeal and complied with all the requirements of the rules of court. The plaintiff-appellee has not filed a brief in this court, but reversal of the judgment is not required for this reason alone and the reviewing court may consider and determine the case on its merits. (2 I.L.P. *Appeal and Error*, sec. 560.) A case will

not be reversed without considering it on the merits if there may be a good reason why appellee filed no brief. (*Wempen v. Girard,* 84 Ill.App. 130.) We infer from what we discover, on reading the record, that there may be a good reason why no brief has been filed, and so consider the case on its merits.

The record shows that the appellee, aged 67, is permanently and totally disabled from a stroke, and that her only income other than alimony was $171 a month from her social security. She lives with and is cared for by her mother, aged 85.

The record further shows that at the time of the divorce, defendant thought that he would receive social security disability payments of only $20 per week and that he was aware that his employer was going to transfer him to long term disability thereby reducing his weekly benefits of $119 to a lesser sum. We quote from the record:

"Q. You have freely and voluntarily entered into a settlement agreement with Bessie Thomas, settling all property rights of you and Mrs. Thomas against each other, is that correct?

A. I have.

Q. Part of that agreement included alimony of $25.00 per week, which figure is based on your present income and earning ability. You are now receiving disability payments * * * in the net amount of $119.00 and you also have the possibility of receiving Social Security payments which will supplement these payments to a certain extent, is that correct?

A. That's right, sir.

Q. Do you know at this time what amounts those payments will be?

A. No, the only thing I can say is that last Wednesday or Thursday, Mr. Neal at the insurance company at Caterpillar notified me they was going to put me on LTD, which means long term disability and when they do that they will take away from what my original payments are now. That is according to what Mr. Neal told me.

Q. To the best of your knowledge, you have been classified as disabled under the terms of the Social Security Act, is that correct?

A. As far as I know, sir.

Q. Those anticipated Social Security payments were considered in arriving at the figure of $25.00 per week is that correct?

A. That's right.

Testimony at the subsequent hearing on modification shows that he thought his Social Security payments would amount only to $20.00 per week. During the hearing the local Social Security

office was called by order of the court and it was determined that the payments were $266.10 per month."

■■■ The application for an alteration or modification of a decree for alimony is always addressed to the sound discretion of the trial court (*Cole v. Cole,* 142 Ill. 19), whose decision thereon will not be reversed on appeal in the absence of serious error or an abuse of discretion. (See I.L.P. 16A, *Divorce,* sec. 161.) Ordinarily, the only inquiry is whether sufficient cause has intervened since the decree to authorize or require the court, applying equitable rules and principles, to change the allowance. *Cole, supra.*

■■ One of the chief grounds for modification is a material change in the financial circumstances of the parties. Where the alleged change is one that was expected and allowed for when entering the original decree, the change is not a ground for modification. Annot. 18 A.L.R.2d 21, 77, 78, secs. 3, 25.

. It is clear, from the testimony, "will take away from what my original payments are now" and "those anticipated Social Security payments were considered in arriving at the figure of $25.00 per week", that the alleged change was one that was expected and allowed for when the original decree was entered only a few weeks prior to the petition for modification.

■■■ Appellant argues that there was no evidence as to his disposable income after taxes. Consideration of income tax has long been a factor in determining whether an award of alimony should be modified (*Arnold v. Arnold,* 332 Ill.App. 586, 18 A.L.R.2d 1; *Jacobs v. Jacobs,* 328 Ill.App. 133), because only the balance which remains after payment of taxes will be available for the support of either husband or wife. However, the burden of showing changed circumstances is on the party seeking the modification. In the instant case there was no showing at all on the part of petitioner as to his disposable income after taxes either at the time of the original judgment or at the hearing on modification. He failed to meet his burden of proof in the matter.

For the foregoing reasons the judgment of the Circuit Court of Knox County is affirmed.

Judgment affirmed.

STOUDER and ALLOY, JJ., concur.