FLOYD L. TAAPKEN, Plaintiff and Counterdefendant-Appellant, *v.* MARCELLA L. TAAPKEN, Defendant and Counterplaintiff-Appellee.

Fourth District    No. 12948

Opinion filed June 17, 1976.—Rehearing denied August 3, 1976.

786

Robert Weiner, of Springfield (Allan Lee Goldman, of counsel), for appellant.

Pearson R. Crosby, of Petersburg, for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Floyd Taapken, plaintiff, was granted a divorce from defendant on May 29, 1974. Mr. Taapken will hereinafter be referred to as plaintiff or husband, Mrs. Taapken as defendant or wife. The decree included a property settlement which, among other provisions, divided certificates of deposit totaling $9000 in a local bank between the husband and wife with $6,225 to the wife and $2,775 to the husband. The decree also provided that the husband was to pay the debts incurred during the marriage prior to the date of the separation of the parties. Several months after the decree, the wife filed a petition to show cause why plaintiff husband should not be held in contempt for violating the terms of the decree. After several hearings, the husband was held in contempt for failure to pay to the wife the sum representing her share of the certificates of deposit, and he was ordered to serve periodic imprisonment with the right to purge himself of contempt by paying $1500 and presenting a reasonable plan for the payment of the remainder owed. The husband appeals and we affirm.

■■ Although the husband attempts to raise on appeal the propriety of the unequal division of the certificates of deposit, this question has been waived by the failure to appeal at the time the decree was entered. That decree was final on May 29, 1974, and, since no appeal was taken within 30 days as required by Supreme Court Rule 303 (Ill. Rev. Stat. 1973, ch. 110A, par. 303(a)) he cannot now raise that issue in this proceeding.

In paragraph 11 of the decree the court divided the certificates of deposit by awarding $6225 to the wife and $2775 to the husband. In paragraph 15 the husband was ordered to pay the debts incurred during

the marriage. On July 12, 1974, the bank which held the certificates cashed them and applied them to the outstanding debts and overdrafts of the husband. Thus the certificates are no longer in existence. Because the husband had not paid the money due the wife, he was found to be in contempt. After a dispositional hearing on November 22, 1974, the court sentenced the husband to periodic imprisonment until he paid his ex-wife $1500 (and other amounts not relevant to this appeal) and presented a reasonable plan for discharging the remaining amount.

■■■ The husband asserts that this was a modification of the property provisions of the divorce decree and improper since it was entered more than 30 days after the entry of the decree. In essence, the husband is arguing that the trial court loses all jurisdiction over the property provisions after 30 days from the entry of the decree. Although the court may no longer have jurisdiction to modify the provisions, it retains the power to enforce those provisions by requiring the parties to do what ought to be done. (*Vinci v. Vinci*, 131 Ill. App. 2d 496, 266 N.E.2d 379, *Shapiro v. Shapiro*, 113 Ill. App. 2d 374, 252 N.E.2d 93.) By specific provision in the Divorce Act, the court may enforce the property settlement provisions in any manner consistent with the rules and practices of the court. (Ill. Rev. Stat. 1973, ch. 40, par. 19.) Contempt proceedings have long been an appropriate method of enforcing the terms of divorce decrees. (*Shaffner v. Shaffner*, 212 Ill. 492, 72 N.E. 447.) The contempt order was not a modification of the property settlement but a method of enforcement which the trial court is entitled to utilize in enforcing its decree.

The husband argues on appeal that the trial court erred in holding him in contempt. Whether the plaintiff has been guilty of contempt is a question of fact to be decided by the trial court, whose decision will not be disturbed unless it is against the manifest weight of the evidence. *Daum v. Daum*, 11 Ill. App. 3d 245, 296 N.E.2d 614.

Plaintiff first contends that he is not responsible for the failure of the wife to receive the amount awarded her. He argues that he did not act wilfully to deprive her of the money, but that that deprivation was the result of the independent action of the bank. The loans and overdrafts which were paid off by the joint certificates of deposit were secured also by the wife's signature to a loan guarantee agreement of October, 1971.

■■ Plaintiff's argument ignores certain facts, namely that the debts and overdrafts to which the certificates were applied were, by the terms of the divorce decree, to be paid by the husband. By the husband's action in not appealing that decree, he acquiesced in that disposition and also the disposition of the certificates of deposit. The record shows that plaintiff made no payments on any of the loans from March, 1974, until after the bank had taken action in July, when it deemed itself insecure. The

husband acknowledged that he received notice in advance of the action the bank proposed to follow, and yet did nothing. The husband's inaction caused the bank to act as it did. Since the wife's share of the certificates of deposit were used to satisfy debts owed by the husband, it is certainly reasonable to require him to pay the amount owed.

■■■ Plaintiff contends that, in any case, his conduct was not wilful since he was unable to pay. If it is established that a party has failed to comply with a divorce decree, prima facie evidence of contempt is established. The burden then shifts to the alleged contemnor to show the conduct was not wilful. (*Palacio v. Palacio*, 33 Ill. App. 3d 1074, 339 N.E.2d 427.) If the husband established that he was unable to pay, he should not be found guilty of contempt. (*Shaffner.*) Although it is evident from the record that the husband was having financial difficulties, this was acknowledged by the trial court. The order of November 22 provided the husband could purge himself by payment of $1500 and presentation of a reasonable plan for paying the rest. By the husband's own testimony he owned machinery worth at least $2000, had sold a tractor in August which netted him $1500, and was employed at a salary of $1500 a month. As of the hearing on the petition to show cause in November 1974, the husband had substantially paid off all loans. Plaintiff did not sustain his burden of showing that his noncompliance was not wilful. It was not error for the trial court to consider the amount received for the sale of a tractor, which amount could have been paid to the wife. See *Bulmer v. Bulmer*, 28 Ill. App. 3d 406, 328 N.E.2d 622, and *Shapiro v. Shapiro*, 113 Ill. App. 2d 374, 252 N.E.2d 93, for cases involving similar situations.

■■ Plaintiff argues that his offer to tender of assets (amounting, by his own estimate, to around $2000) in complete satisfaction of the debt precludes a finding of contempt. However, as the trial court stated, it has no power to force a party to accept a settlement. In civil contempt it is necessary that the contemnor have the opportunity to purge himself. (*Sullivan v. Sullivan*, 16 Ill. App. 3d 549, 306 N.E.2d 604.) Here, plaintiff did not offer to tender his assets in response to the conditions imposed by the trial court for purging himself of contempt, but only if it would operate as a complete satisfaction of the amount owed. Plaintiff does not have this alternative. The court was also aware of defendant's substantial earnings. Since plaintiff did not avail himself of this opportunity by paying $1500 and offering a plan for payment of the rest, it was not error to hold plaintiff in contempt, despite the tender.

Accordingly the order of the circuit court of Menard County is affirmed.

Affirmed.

TRAPP, P. J., and GREEN, J., concur.